ANDREW R. CULVER et al., Appellants, *v.* THE WESTERN UNION TELEGRAPH COMPANY, Respondent.

(Argued December 16, 1872; decided December 24, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming

a judgment in favor of plaintiff, entered upon a verdict directed by the court.

Defendant executed to Culver, one of the plaintiffs, who were custom-house brokers and partners, a power of attorney, which, after reciting that the United States collector of customs, of the port of New York, charged and exacted a duty in excess of that allowed by law upon telegraph wire imported by defendant, appointed Culver its attorney, and authorized him to endeavor to recover by suit or otherwise such excess of duties which had been or might hereafter be exacted; plaintiffs to pay all expenses, and to receive as compensation one-half the sums so recovered. Under this power plaintiffs obtained a refund of duties upon two cargoes of wire, and received the stipulated compensation. Two other cargoes arrived subsequently. The collector refused to enter them, except upon payment of the excessive duty. Defendant thereupon directed the dismissal of plaintiffs and the employment of other brokers. It appeared that the sum thus fixed by the collector was not a determination of what should finally be paid; that, after the entry of goods, they are to be examined by appraisers, whose duty it is to determine the quality and value and rate of duty to be charged; that, after this is done, the amount of duty is computed by the liquidating clerk, and this computation determines the amount to be paid. This was done in this case. The amount of duty so ascertained was as claimed by defendant; and the excess of duty charged was refunded, as in all cases where the amount received upon entry was found to be in excess of what was thus found to be payable. Plaintiffs claimed that the deduction in this case was made for the reason that a letter from the treasury department, directing what rate should be charged upon that kind of goods, was received by the collector, the writing of which was induced by an appeal made by plaintiffs' for other parties. *Held*, that the duty could not be regarded as charged and exacted within the meaning of the power of attorney until the amount was determined and liquidated in accordance with the usual custom; that the contract embraced only cases where the duties had finally been fixed and charged by the custom-house authorities, and

where something was necessary to be done after their action was completed, either by suit or appeal to the treasury department to obtain a refund. Also, held that the power of attorney was revocable. In case of revocation after commencement of services to procure a refund, defendant would be liable to pay for services already rendered by plaintiffs upon the basis of the agreement, *i. e.*, one-half of the amount that could have been obtained, less the real value of the services thereafter necessary to be performed in obtaining it.

*George W. Soren* for the appellants.

*John H. Bergen* for the respondent.

GROVER, J., reads opinion for reversal and new trial.
All concur.
Judgment reversed.